UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SERENA HOWELL, | : | |
| Plaintiff, | : | |
| v. | : | Civil Case Number |
| BNSF RAILWAY COMPANY, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Serena Howell, by and through her undersigned counsel, and files this Complaint for violations of the Federal Rail Safety Act (FRSA), 49 U.S.C. §20109 et seq., against the defendant BNSF.

## JURISDICTION

1. Under the provisions of 28 U.S.C. §1331, this Court has jurisdiction over this action because it concerns a matter of federal law the Federal Rail Safety Act (FRSA), 49 U.S.C. §20109 et seq.

2. Venue is proper under 28 USC §1391(b)(2) because the events giving rise to the Plaintiff's claims occurred in this judicial district.

## PARTIES

3. The Plaintiff, Serena Howell, is an adult individual, and a resident of Harris County, Texas.

4. The Defendant, BNSF, is a corporation that is authorized to do and in fact does substantial business in this jurisdiction and is a common carrier by rail with its registered agent listed as CT Corporation Systems, 350 No. St. Paul, Ste #2900, Dallas, TX  75201.

5. The Defendant railroad is authorized to do, and in fact does, substantial business in this jurisdiction, as a common carrier by rail engaged in interstate commerce in and throughout the several states of the United States; and for the purpose hereof did operate locomotives, railroad cars, repair facilities and/or transacted substantial business throughout this jurisdiction.

## FACTS

6. At all times relevant hereto, the Ms. Howell was employed by the Defendant railroad, and the injuries and damages sustained by the Plaintiff as hereinafter set out were sustained while the Plaintiff was engaged in the course of her employment.

7. At all times relevant hereto, the acts of omission and commission, which caused the injuries to the Plaintiff as set forth below, were done by the Defendant railroad, its agents, servants and/or employees acting in the course and scope of their employment within and under the direct and exclusive control of the Defendant.

8. On or about June 7, 2012, the Plaintiff, in her capacity as a conductor, was assigned to operate a train of the defendant railroad, delivering it to the Defendant's yard.

9. Upon plaintiff's arrival in the yard of defendant and on numerous prior occasions, plaintiff was over on hours of service, ie. twelve hours of work, and posted off duty.

10. Defendant's yardmaster required plaintiff to report to him despite being over the Hours of Service limit regarding the train's condition and any incidents that might have occurred during her trip.

11. Plaintiff, who was exhausted due to her excessive work hours, was confronted by the yardmaster and went to the break room of defendant.

12. Defendant's human resource's employee, Tashia Miller, went into the break room, confronted plaintiff regarding her verbal exchange with the yardmaster and then violently struck the plaintiff on her right hand.

13. Plaintiff went to the hospital the following day to have her right hand assessed as it was painful and bruised. There she was assessed with a contusion of her right hand.

14. Plaintiff next went to the Houston Police Department and filed a formal report regarding the assault she had suffered at the hands of Tashia Miller.

15. Plaintiff then went to her place of employment and filed a written report of the incident.

16. As a result of plaintiff's steps taken against her aggressor, defendant began an investigation on June 9, 2012 through it's own police department.

17. The defendant's investigation quickly deteriorated into a retaliatory action against the plaintiff for documenting and reporting her injuries and complaints of violations of the Hours of Service regulations to her supervisors.

18. BNSF is known to have engaged in retaliatory conduct throughout the Gulf Division as evidenced by an accord dated January 10, 2013 between the BNSF and OSHA concerning over thirty other employees covered by the Federal Rail Safety Act.

19. Defendant accused plaintiff of reporting dishonest information regarding a workplace violence incident and making false statements which ultimately resulted in an investigation by the company that resulted in the dismissal of plaintiff, Serena Howell.

20. As a result of the negligence of the Defendants, and the resultant injury to the Plaintiff as aforesaid, the Plaintiff has been damaged, in general and in the following particulars:

    a. She has in the past and will in the future suffer great physical pain, suffering and inconvenience;

  b. She has in the past and will in the future be limited in his normal work activities;

  c. She has in the past and will in the future continue to suffer financial losses as a result of being absent from work;

  d. She has in the past and will in the future suffer severe physical limitations as a result of his injury;

  e. She has in the past and will in the future continue to incur medical expenses to treat his injuries; and

  f. She has in the past and will in the future incur mental anguish, anxiety and other emotional damages.

## COUNT I

### RETALIATION UNDER 49 U.S.C. 20109 et seq.

21. The plaintiff repeats and realleges each and every allegation in the above paragraphs of this complaint with the same force and effect as if fully set forth herein.

22. Defendant has violated the retaliatory provisions of 49 U.S.C. section 20109 by filing disciplinary charges and terminating plaintiff in retaliation for reporting violations of the Hours of Service regulations prohibiting work over twelve hours and for reporting an on the job injury.

23. As a direct result of defendant's retaliatory practices in violation of the above statute, plaintiff seeks appropriate damages including lost wages and other economic benefits of his employment, compensatory damages, punitive damages, and reinstatement.  In addition, plaintiff has incurred and seeks as damages counsel fees and other costs in pursuing her legal rights, and will continue to incur such expenses until this action is completed.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Serena Howell, requests that this Honorable Court grant her the following relief:

A. A judgment of and from the Defendant, BNSF for damages in an amount to be determined by a properly charged jury;

B. Enter a judgment declaring that the acts and practices of the defendants are in violation of the laws of the United States;

C. To order the defendants to reinstate plaintiff to his position he held prior to his retaliatory discharge pursuant to 49 U.S.C. 20109 et seq.;

D. To award the plaintiff such other and further relief including equitable and injunctive relief as this Court deems just and proper including to back pay, reinstatement, front pay, and to permanently enjoin the defendants, its officers, successors and assigns and all persons in active concert or participation with them from engaging in any employment actions or practices of retaliation;

E. Order the defendants to pay the costs and reasonable attorney's fees incurred by the plaintiff;

F. Grant such other relief as the Court deems necessary and proper including reinstatement or front pay; and

G. Any other relief that this Court shall find to be just, proper and equitable

**JURY TRIAL DEMANDED**

        Respectfully submitted,

        MORGAN & PAUL, PLLC


        /s/ Gregory G. Paul
        GREGORY G. PAUL
        TX No.: 24054974
        409 Broad Street, Suite 270
        Sewickley, PA  15143
        (412) 259-8375
        (888) 822-9421 (facsimile)
        gregpaul@morgan-paul.com


        S. REED MORGAN
        P.O. Box 38
        Comfort, TX 78013
        (830) 995-2464
        (830) 995-2728 (facsimile)
        rmtrialfirm@gmail.com

        Attorneys for Plaintiff

Dated:  November 15, 2013